# In the United States Court of Federal Claims

No. 15-1275C

(Filed: August 1, 2016)

```
*************************************
                                    *
ANTHONY JAMES PARKS,                *
                                    *
                    Plaintiff,      *
                                    *   Review of Wrongful Military Discharge
                                    *   Allegations;   Violation   of   Military
v.                                  *   Protective Order; Standard of Review;
                                    *   Administrative Record.
THE UNITED STATES,                  *
                                    *
                    Defendant.      *
                                    *
*************************************
```

*Andrew R. Rutz*, Bosley & Bratch, P.C., Marion, Indiana, for Plaintiff.

*Alison S. Vicks*, Trial Attorney, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Jonathan B. Blazek*, U.S. Navy Office of the Judge Advocate General, Of Counsel, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

On October 28, 2015, Plaintiff Anthony James Parks filed a complaint in this Court alleging that the U.S. Navy wrongfully discharged him and provided him with a deficient notice of separation. On March 2, 2016, the Government filed a motion for judgment on the administrative record. On April 4, 2016, Mr. Parks filed a cross-motion for judgment on the administrative record. Both motions are now fully briefed. The Court deems oral argument unnecessary.

Background

Mr. Parks enlisted in the Navy on December 16, 2008, and was stationed in Mayport, Florida.  AR 1.  On April 4, 2011, the Duval County Sheriff's Department arrested Mr. Parks on probable cause for domestic battery against his wife.  AR 84.  After the Circuit Judge issued a verbal no-contact order, the Navy issued a military protective order ("MPO") on May 13, 2011, forbidding Mr. Parks from having any contact with his wife.  AR 84.  After Mr. Parks violated the order by speaking to his wife on multiple occasions, the Navy conducted a non-judicial punishment hearing.  AR 232-238.  The Navy reduced Mr. Parks' rank, ordered monetary penalties, and initiated administrative separation proceedings against him.  AR 240-243.  On July 8, 2011, Mr. Parks sent a letter to the General Court Martial Convening Authority ("GCMCA") requesting disapproval of his separation from service.  AR 91-92.  The GCMCA instead approved the separation, and the Navy discharged Mr. Parks on July 22, 2011.  AR 6, 93-94.  On August 25, 2011, the State Attorney dismissed the civilian domestic battery charge against Mr. Parks as *nolle prosequi*.  AR 151.  Mr. Parks then submitted an application to the Naval Discharge Review Board ("NDRB") for review of his discharge and upgrade to an honorable characterization of service.  AR 104.  The NDRB determined that Mr. Parks' discharge for violating the MPO was proper and that no relief was warranted.  AR 97.  Mr. Parks subsequently petitioned the Board of Correction for Naval Records ("BCNR"), requesting the same review and relief.  AR 274.  The BCNR determined that Mr. Parks was separated for violating the MPO and not for the dropped domestic assault charge, and denied his application for relief.  AR 193-194.

Mr. Parks has now filed suit in this Court, alleging that he was improperly discharged on the basis of conduct subject to judicial proceedings resulting in an acquittal, a violation of due process due to deficiencies in his separation notice, violation of his parental rights to care for his unborn child, and an arbitrary characterization of his misconduct as simultaneously "minor" and "major."  Compl. at 5-7.  Mr. Parks claims $107,748 in lost pay, and requests re-characterization of his service to "honorable," expungement of his non-judicial punishment, as well as other equitable relief.  Compl. at 8.

Standard of Review

In a motion for judgment on the administrative record, the Court's review is conducted based upon the paper record created by the agency.  See Bannum, Inc. v. United States, 404 F.3d 1346, 1356 (Fed. Cir. 2005).  The existence of a fact question neither precludes the granting of a motion for judgment nor requires the court to conduct a full evidentiary proceeding, but must be resolved by reference to the administrative record.  Id.

at 1354.  The use of judgment on the administrative record is appropriate in challenges to military correction board decisions.  Young v. United States, 497 F. App'x 53, 58-59 (Fed. Cir. 2012).  This Court will not overturn the decision of a corrections board unless it was arbitrary, capricious, contrary to law, an abuse of discretion, or unsupported by substantial evidence.  See Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998).

Discussion

Mr. Parks asserts that his administrative separation from the Navy and the NDRB and BCNR decisions upholding his separation were improper because he was discharged despite his acquittal of domestic violence charges in civilian court.  However, the administrative record makes clear that the Navy discharged Mr. Parks not for the dropped domestic violence charge, but for the commission of a serious offense:  willfully disobeying an order from a superior commissioned officer, in violation of Uniform Code of Military Justice ("UCMJ") Article 90.  Mr. Parks' Administrative Separation Processing Notice describes his "Separation by Reason of Misconduct – Commission of a Serious Offense as Evidenced by the Military Protective Order of 13 May 2011 and Jacksonville Sheriff's Office Report of 24 May 2011."  AR 87.  Mr. Parks asserts that this notice establishes he was illegally separated for the dropped domestic violence charge because it references the MPO and a report from the sheriff's office.  However, the sheriff's office report is not in the administrative record.  The only document in the record from May 24, 2011 is Mr. Parks' voluntary statement to the Naval Station Mayport security office, in which he admits to violating the MPO.  AR 231-232.  Further, the MPO referenced in the notice does not contain any allegations of domestic abuse.  It only mentions "a verbal altercation which led to a domestic dispute, resulting in [Mr. Parks'] arrest."  AR 144.  Mr. Parks' Commanding Officer explained the nature of the serious offense in a letter to the GCMCA recommending separation:  "[Mr.] Parks admitted to violating the MPO on numerous occasions between 10 May 2011 and 24 May 2011."  AR 93-94.  The Commanding Officer's letter makes no mention of the domestic violence allegations.  Id.

In its review of Mr. Parks' separation, the NDRB determined that Mr. Parks was "not discharged for violating UCMJ Article 128 (Assault) or on the basis of Misconduct (Civil Conviction) but was discharged based on his violation of UCMJ Article 90 when he violated the MPO on numerous occasions by his own admission."  AR 101.  The NDRB further noted that "[Mr. Parks'] command acted accordingly with full knowledge of this evidence and was within established guidelines and policy in doing so."  Id.  The BCNR found similarly that "there is no indication in the record" that Mr. Parks was discharged due to the dismissed domestic violence charge, and that instead he was "discharged for willfully disobeying a superior commissioned officer's military protective order to stay

away from [his] spouse." AR 194.  This Court has found no evidence in the administrative record for disturbing these findings.

Mr. Parks further alleges that his notice of separation was deficient because he was not properly notified of the basis of his separation.  Mr. Parks points to the notice's reference to a sheriff's report not in the record as well as its lack of reference to any provision of the UCMJ.  Compl. at 6; Pl.'s Mot. at 3.  Department of Defense regulations require the Navy to notify an employee subject to separation in writing of "[t]he basis of the proposed separation, including the circumstances upon which the action is based and a reference to the applicable provisions of the Military Department's implementing regulation."  Department of Defense Issuance 1332.14, at Enclosure 5 ¶ 2(a)(1).  Mr. Parks' notice referenced the MPO he violated and the implementing regulation authorizing discharge, MILPERSMAN 1910-142 ("Separation by reason of misconduct – Commission of A Serious Offense.").  Moreover, Mr. Parks demonstrated his awareness of the basis for his separation, including the relevant UCMJ article, in his letter to the GCMCA:  "[M]y wife reported to my command that she had contact with me even though there was a 'no contact order' and MPO in place.  I admitted to this and apologized . . . ."  AR 243.  Further, "[m]y command is charging me with violation of UCMJ, Article 90 Assaulting or willfully disobeying an order from a superior commissioned officer."  AR 244.

The NDRB specifically determined that Mr. Parks was properly notified of the reasons for his separation, based on his own admissions and the above-quoted letter to the GCMCA.  AR 102.  While the BCNR did not specifically address the notice issue, it held that the Navy properly processed Mr. Parks' discharge.  AR 194.  Mr. Parks' notice conformed to Department of Defense regulations, and Mr. Parks understood he was being separated for violating the MPO.  Any error in the notice was clearly harmless, and does not justify reversing the decisions of the NDRB and BCNR.  See Wagner v. United States, 365 F.3d 1358, 1361 (Fed. Cir. 2004) ("[S]trict compliance with procedural requirements is not required where the error is deemed harmless."); see also Milas v. United States, 42 Fed. Cl. 704, 712 (1999) ("Mere technical procedural error is insufficient to warrant reversing the agency's administrative decision.  The error must be a violation of mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced.").

Mr. Parks further alleges that his parental rights to care for his unborn child were violated by the no-contact order, and that his separation notice arbitrarily characterized his misconduct as simultaneously "major" and "minor" for the purposes of punishment. Compl. at 6-7.  Mr. Parks has waived these arguments by failing to raise them in his petitions to the NDRB and BCNR.  When a plaintiff seeks relief from a military corrections board and later brings suit in court, any argument not previously raised before the

corrections board is waived.  See Metz v. United States, 466 F.3d 991, 998 (Fed. Cir. 2006) ("[A] plaintiff may waive an argument with respect to [a non-jurisdictional] issue by not asserting it before the Board."); Doyle v. United States, 599 F.2d 984, 1000 (Ct. Cl. 1979) ("It has long been part of our law that a party cannot raise an issue on appeal to a court when it failed to raise it before an administrative agency competent to hear it."), *amended on other grounds by* In re Doyle, 609 F.2d 990 (Ct. Cl. 1979).

For the foregoing reasons, this Court finds that the Navy's decision to separate Mr. Parks for commission of a serious offense, as well as the decisions of the NDRB and BCNR upholding that decision, were not arbitrary, capricious, contrary to law, an abuse of discretion, or unsupported by substantial evidence.  Accordingly, the court GRANTS the Government's motion for judgment on the administrative record and DENIES Mr. Parks' cross-motion for judgment on the administrative record.  The Clerk shall enter judgment accordingly.  No costs.

IT IS SO ORDERED.

 s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge